UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WELBORN FREEMAN,

        Plaintiff,

      v.

UNITED STATES,

        Defendant.

Case No. 13-cv-02421-WHO

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 5, 31

Currently before the Court is the United States' motion to dismiss. That motion is scheduled for hearing on November 20, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. For the reasons discussed below, the Court GRANTS defendant's motion to dismiss, with leave to amend in part. Plaintiff's negligence claim is NOT dismissed and remains in the case.

**BACKGROUND**

Plaintiff Freeman filed this action on May 29, 2013, asserting causes of action against the United States based on complications he suffered during a heart surgery performed by doctors at the VA Medical Center in San Francisco. Complaint, pg. 3. Plaintiff asserts claims against the "United States" for negligence (First Cause of Action); discrimination under 42 U.S.C. section 1983 (Second Cause of Action); violation of equal protection and due process under the Fourteenth Amendment (Third Cause of Action); negligent infliction of emotional distress, loss of consortium, and loss of society (Fourth Cause of Action); and "Other Causes of Action" including the loss of civil rights under section 1983, misrepresentation, deceit, fraud, violation of the California Unruh Civil Rights Act (Fifth Cause of Action).

The United States moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, as to claims barred by sovereign immunity. The United States also moves to

United States District Court
Northern District of California

United States District Court
Northern District of California

1   dismiss under Rule 12(b)(6), as to claims which fail to allege sufficient facts.  The United States

2   does not move to dismiss Mr. Freeman's first cause of action for negligence, which the United

3   States admits has been exhausted and is appropriately alleged under the Federal Tort Claims Act

4   (FTCA), 28 U.S.C. §§ 1346, 2671-2680.  Mr. Freeman opposes the motion to dismiss.

5   **LEGAL STANDARD**

6        Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a complaint

7   if the court does not have jurisdiction over it.  In reviewing a "facial" jurisdictional attack, the

8   jurisdictional challenge is confined to the allegations pled in the complaint.  *See Wolfe v.*

9   *Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  The challenger asserts that the allegations in the

10   complaint are insufficient "on their face" to invoke federal jurisdiction.  *See Safe Air Safe Air for*

11   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  To resolve this challenge, the court

12   assumes that the allegations in the complaint are true and draws all reasonable inference in favor

13   of the party opposing dismissal.  *See Wolfe*, 392 F.3d at 362.

14        Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

15   if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

16   dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

17   face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard

18   requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant

19   has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require

20   "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to

21   relief above the speculative level." *Twombly*, 550 U.S. at 555.

22        In deciding whether the plaintiff has stated a claim upon which relief can be granted, the

23   court must assume that the plaintiff's allegations are true and must draw all reasonable inferences

24   in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

25   However, the court is not required to accept as true "allegations that are merely conclusory,

26   unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536

27   F.3d 1049, 1055 (9th Cir. 2008).

28        Pro se complaints are held to "less stringent standards than formal pleadings drafted by

2

United States District Court
Northern District of California

1    lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where a plaintiff is proceeding pro se, the

2    Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of

3    any doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, pro se

4    pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim

5    has been stated.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

6          If the Court dismisses the complaint, it must then decide whether to grant leave to amend.

7    The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no

8    request to amend the pleading was made, unless it determines that the pleading could not possibly

9    be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

10   (citations and internal quotation marks omitted).  Dismissal of a pro se complaint without leave to

11   amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be

12   cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton*

13   *v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

14   **DISCUSSION**

15   **I.   SECTION 1983 AND CIVIL RIGHTS CAUSES OF ACTION**

16         The United States, as sovereign, is immune from suit unless it unequivocally waives its

17   sovereign immunity.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Mr. Freeman alleges

18   various causes of action against the United States under Section 1983 for constitutional

19   deprivations, including "discrimination" (Second), violation of due process and equal protection

20   (Third), and deprivation of right to travel, to contract, etc. (Fifth/Other).  As part of his Second

21   Cause of Action, Mr. Freeman also asserts a claim under Title VI of the Civil Rights Act, 42

22   U.S.C. § 2000(d).  Sovereign immunity bars Mr. Freeman's section 1983 and Title VI causes of

23   action asserted against the United States or against federal agencies.  *See, e.g., Jachetta v. United*

24   *States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress

25   intended to subject federal agencies to § 1983 and § 1985 liability.  To the contrary, §§ 1983 and

26   1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of

27   these provisions.").  Therefore, the section 1983 and other civil rights claims asserted against the

28

1    United States are DISMISSED with prejudice.[1]

2         Mr. Freeman argues that the motion to dismiss should be denied in light of the availability

3    of a *Bivens* claim.  *See* Docket No. 29, pg. 12 of 16.  It is conceivable that Mr. Freeman could be

4    able to allege violations of his constitutional rights against federal employees and officials acting

5    in their individual capacity under a *Bivens* action.  *See Starr v. Baca*, 652 F.3d 1202, 1206 (9th

6    Cir. 2011) ("A *Bivens* action seeks to hold federal officers individually liable for constitutional

7    violations.").  But, as with section 1983, a *Bivens* action for violation of constitutional rights

8    cannot be asserted against United States.  A *Bivens* action must be asserted against specific, named

9    individuals who are responsible for the alleged deprivations.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S.

10   662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff

11   must plead that each Government-official defendant, through the official's own individual actions,

12   has violated the Constitution.").

13        Here, Mr. Freeman has not named any individual defendant or defendants responsible for

14   an alleged constitutional violation.  Mr. Freeman will be allowed to amend his Complaint to add a

15   *Bivens* claim.  If he does, Mr. Freeman must allege that at least one specific named individual

16   defendant violated a specific constitutional right.  Mr. Freeman would also need to allege the *facts*

17   that explain how each named individual defendant subjected him to unconstitutional

18   discrimination, violation of equal protection or violation of his due process rights.

19   **II.  OTHER CALIFORNIA TORT AND STATUTORY CAUSES OF ACTION**

20        The United States recognizes that a limited waiver of sovereign immunity has been granted

21   under the FTCA for conduct that is tortious under California law.  *See Schwarder v. United States*,

22   974 F.2d 1118, 1122 (9th Cir.1992) ("the FTCA directs us to look to the law of the state in which

23   the government official committed the tort to determine the scope of sovereign immunity. If the

24   law of that state makes private parties liable for wrongful deaths, then the United States is liable

25

26   _____

[1] Mr. Freeman cannot get around the sovereign immunity bar by asserting his constitutional deprivation claims against the United States under either the FTCA or under supplemental (formerly pendent or ancillary) jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (constitutional tort claim is not cognizable under FTCA); *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 934 (9th Cir. 2009) (supplemental jurisdiction statute "does not constitute a waiver of the United States' sovereign immunity.").

United States District Court
Northern District of California

1    for the same."); *see also* 28 U.S.C. § 1346(b) (FTCA provides remedy "for money damages . . .

2    for injury or loss of property, or personal injury or death caused by the negligent or wrongful act

3    or omission of any employee of the Government while acting within the scope of his office or

4    employment, under circumstances where the United States, if a private person, would be liable to

5    the claimant in accordance with the law of the place where the act or omission occurred.").

6         The United States does not seek to dismiss Mr. Freeman's First Cause of Action for

7    negligence, recognizing that Mr. Freeman has exhausted his claim for negligence under the FTCA.

8    However, the government does move to dismiss Mr. Freeman's other causes of action, because the

9    claims asserted by Mr. Freeman are either not recognized under California law, are redundant

10   because of the existing negligence claim, or fail to state a claim.

### A.  Negligence Per Se

12        The United States argues that to the extent Mr. Freeman is attempting to state a claim for

13   "negligence per se" he cannot do so because, under California law, "negligence per se is an

14   evidentiary presumption rather than an independent right of action."  *Quiroz v. Seventh Ave. Ctr.*,

15   140 Cal. App. 4th 1256, 1286 (2006).  The Court agrees that negligence per se cannot be a

16   separate cause of action.  Therefore, this claim must be DISMISSED with prejudice.

### B.  Negligent Infliction of Emotional Distress

18        The Court finds that Mr. Freeman's claim for negligent infliction of emotional distress

19   must be dismissed because it is duplicative of his existing claim for negligence.  *See Potter v.*

20   *Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 807 (1993) (recognizing that there "is no

21   independent tort of negligent infliction of emotional distress."); *see also Robinson v. United*

22   *States*, 175 F. Supp. 2d 1215, 1224 (E.D. Cal. 2001) (recognizing negligent causing of emotional

23   distress is not an independent tort but simply the tort of negligence).  If Mr. Freeman proves his

24   negligence claim, then he can seek damages for his emotional distress suffered as a result.

25        Mr. Freeman also cannot assert a claim for negligent infliction of emotional distress

26   suffered by his wife Deborah Freeman – who witnessed Mr. Freeman's suffering, *see* Complaint,

27   pg. 5 – because she is not a party to this lawsuit.  Therefore, this claim must be DISMISSED, as to

28   Mr. Freeman, with prejudice.

United States District Court
Northern District of California

## C.  Intentional Infliction of Emotional Distress

In his opposition papers, Mr. Freeman argues that he has stated a claim for intentional infliction of emotional distress.  However, the Complaint does not include a claim for intentional infliction of emotional distress.  If Mr. Freeman wants to include this claim in his Amended Complaint, he must plead facts showing the following:  (1) extreme and outrageous conduct by a specific individual defendant who had the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff suffered severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993).  To be "outrageous," the conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Id*.  Mr. Freeman's current complaint does not include specific facts showing that the doctors or other potential defendants engaged in outrageous conduct with the intention of causing Mr. Freeman emotional distress.

## D.  Loss of Consortium/Loss of Society

While California recognizes a claim for loss of consortium, it can be asserted only by the *spouse* of the injured party.  *See, e.g., Rodriguez v. Bethlehem Steel Corp.*, 12 Cal. 3d 382, 408 (1974) (recognizing that "each spouse has a cause of action for loss of consortium, as defined herein, caused by a negligent or intentional injury to the other spouse by a third party.").  Mr. Freeman cannot assert a claim for his loss of consortium due to his own injuries, and his wife is not a party to this lawsuit.  Therefore, the claim must be DISMISSED, as to Mr. Freeman, with prejudice.

## E.  Misrepresentation/Deceit/Fraud and Breach of Contract

The United States moves to dismiss Mr. Freeman's claims asserted in his "Other" or Fifth Cause of Action for misrepresentations/deceit/fraud and "contract (Breach of an Implied Warranty to Contract) based on surgeon's promise to a particular result."  Complaint at 6.  As the United States points out, these claims cannot be asserted under the FTCA and are barred by sovereign immunity because Section 2680(h) of the FTCA provides that no claims can be made against the United States under the FTCA for "misrepresentation, deceit, or interference with contract rights."

United States District Court
Northern District of California

1   28 U.S.C. § 2680(h).  Accordingly, these claims are DISMISSED with prejudice.

2       **F.  Unruh Act**

3       Plaintiff asserts a claim for violation of the Unruh Act, California Civil Code § 51.[2]

4   Section 51 provides that "all persons" are "entitled to the full and equal accommodations,

5   advantages, facilities, privileges, or services in all business establishments of every kind

6   whatsoever."  Cal. Civ. Code § 51.   As the Ninth Circuit has noted, "The Unruh Act forbids

7   business establishments to deny any person 'full and equal accommodations, advantages,

8   facilities, privileges, or services' on account of race, and has been limited to cases 'where the

9   plaintiff was in a relationship with the offending organization similar to that of the customer in the

10  customer-proprietor relationship.'" *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1025 (9th

11  Cir. 2001) (quoting *Strother v. Southern Cal. Permanente Med. Group*, 79 F.3d 859, 873–74 (9th

12  Cir.1996).  The Unruh Act can provide a basis for a claim against the United States under the

13  FTCA.  *See Delta Sav. Bank v. United States*, 265 F.3d at 1025.

14      The United States argues that Mr. Freeman has failed to allege a claim under the Unruh

15  Act because he has failed to allege that he was denied accommodations, advantages, facilities,

16  privileged or services on account of his race.  Mr. Freeman has alleged that the problems he

17  suffered during and from his operation were "racist" and that "Black veterans should be treated

18  like White veterans similarly situated during an aortic valve repair."  Complaint, pg. 5.  However,

19  Mr. Freeman does not allege any facts to support his contention that veterans received different

20  medical treatment based on their race.  The Court will give Mr. Freeman leave to amend this claim

21  to describe specifically the basis for his contention that defendants discriminated against him

22  because of his race when they performed his aortic valve repair surgery.[3]  Therefore, the

23  _____

24  [2]  Mr. Freeman also asserts a claim under section 51.3 of the Unruh Act.  However, that section
    prohibits discrimination in housing and there are no housing-related allegations alleged in Mr.

25  Freeman's complaint.  Therefore, the claim under section 51.3 of the Unruh Act is DISMISSED
    with prejudice.

26  [3]   The government relies on the Ninth Circuit's decision in *Delta Saving Bank* to argue that Mr.
    Freeman's allegations cannot state a claim under the Unruh Act.  In *Delta Savings*, the Court

27  found that the claims alleged there – that the United States engaged in a racially-based conspiracy
    to investigate a bank operated by the plaintiff – did not state a claim under the Unruh Act because

28  the allegations did not involve a "customer-proprietor" relationship.  The broad allegation made by
    Mr. Freeman here – that he received inferior medical care based on his race from a hospital – is

United States District Court
Northern District of California

government's motion to dismiss the section 51 Unruh Act violation is GRANTED with leave to amend.[4]

## III. SERVICE AND COUNSEL

In his opposition papers, Mr. Freeman asks for a continuance so he can secure counsel. He also asks the Court to assist him in serving various defendants. *See* Docket No. 29 at pg. 10 of 16. The Court will not appoint counsel for Mr. Freeman at this time. Mr. Freeman may speak with an attorney through the Court's Legal Help Center. The Center can provide information about the court procedures applicable to his case, including advice on how to serve defendants, as well as limited-scope legal advice and can help preparing simple pleadings. The attorney at the Legal Help Center can provide information, advice, and basic legal help, but cannot represent plaintiff as his lawyer. Help is provided by appointment only. There are two ways to schedule an appointment and only one appointment may be scheduled at a time:

1. Sign up in the appointment book located on the table outside the door of the Legal Help Center in San Francisco or Oakland; or

2. Call to make an appointment at 415-782-8982.

The Legal Help Center in Oakland, is located in the United States Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland, CA 94612.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss in part.

Mr. Freeman's claims for constitutional violations against the United States are DISMISSED WITH PREJUDICE.

Mr. Freeman is given leave to amend to state a *Bivens* action for alleged constitutional

---

more akin to the "customer-proprietor" relationships covered by the Unruh Act. However, Mr. Freeman fails to state sufficient facts to demonstrate a plausible basis for his claim. *See Iqbal*, 556 U.S. at 678.

[4] In his opposition papers, Mr. Freeman moves to strike United States' Exhibits B and C as unreliable and prejudicial. Docket No. 29 at pg. 10 of 16. However, Exhibits B and C are relevant at this juncture only to show that Mr. Freeman's negligence claim was exhausted under the FTCA. The Court has not considered, and need not consider, the determinations made by the Veterans Administration on Mr. Freeman's claim at this point in the case. The Motion to Strike is DENIED.

United States District Court
Northern District of California

1    violations against specifically named individual defendants.

2         Mr. Freeman's claims for negligence per se, negligent infliction of emotional distress, loss

3    of consortium/society, misrepresentation/deceit/fraud, and breach of contract are DISMISSED

4    WITH PREJUDICE.

5         Mr. Freeman is given leave to amend to state a claim for Intentional Infliction of

6    Emotional Distress.

7         Mr. Freeman's claim for violation of Section 51 of the Unruh Act is DISMISSED with

8    leave to amend.

9         Mr. Freeman's claim for negligence is NOT dismissed and remains in this case

10        The Amended Complaint shall be filed within **thirty (30)** days of the date of this Order.

11        **IT IS SO ORDERED**.

12   Dated: November 6, 2013

13

14                                                    WILLIAM H. ORRICK
                                                     United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


WELBORN FREEMAN,

               Plaintiff,

  v.

UNITED STATES et al,

               Defendant.

_____/

Case Number: CV13-02421 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 7, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.


Welborn Freeman
276 Lee Street #101
Oakland, CA 94610


Dated: November 7, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk