1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   ALEX G. TSE (CABN 152348)
3  Chief, Civil Division

4  REBECCA A. FALK (CSBN 226798)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7022
7      FAX: (415) 436-6748
       Rebecca.falk@usdoj.gov
8
   Attorneys for Defendants
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13
   WELBORN FREEMAN,                 )   CASE NO. 13-02421 VC
14                                  )
          Plaintiff,                )
15                                  )   ADMINISTRATIVE MOTION AND [PROPOSED]
       v.                           )   ORDER TO CONSIDER WHETHER CASES
16                                  )   SHOULD BE RELATED
   UNITED STATES OF AMERICA         )   AS MODIFIED
17                                  )
          Defendant.                )
18                                  )

19

20

21

22

23

24

25

26

27

28
   ADMINISTRATIVE MOTION AND [PROPOSED] ORDER TO CONSIDER WHETHER CASES SHOULD BE
   RELATED
   CASE NO. 13-02421 VC

1       Pursuant to Civil L.R. 3-12 and 7-11, the Federal Defendant hereby submits this Administrative Motion to Consider Whether Cases Should Be Related with respect to the above-captioned action and the following civil action: *Freeman v. United States, et al.*, Case No. 14-04493-KAW. In support of its administrative motion, the Federal Defendant states the following:

      1.    Whenever a party knows or believes that an action may be related to an action which is or was pending in the Northern District, the party "must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should be Related...." Civil L.R. 3-12(b). Under Civil L.R. 3-12(a), "[a]n action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

      2.    On or about May 29, 2013, Plaintiff Welborn Freeman ("Plaintiff") commenced the above-captioned action by filing a Complaint in this Court asserted claims against the United States for negligence; discrimination under 42 U.S.C section 1983; violation of equal protection and due process under the Fourteenth Amendment; negligent infliction of emotional distress; loss of consortium and loss of society; loss of civil rights under Section 1983; misrepresentation deceit, fraud; and violation of the California Unruh Civil Rights Act. Plaintiff's Complaint alleged that "[d]uring heart surgery, surgical clamps were used to cut-off the blood flow to the plaintiff's colon. Due to the lack of blood circulation, part of the colon 'died'." Compl., p. 3. On November 7, 2013, Judge Orrick granted Defendant's motion to dismiss, with leave to amend in part. Dkt. No. 34.

      3.    On January 6, 2014, Plaintiff filed a First Amended Complaint ("FAC"), adding his wife, Deborah, as a plaintiff, and asserting his claims against the United States, the San Francisco Veteran's Administration Medical Center ("VA"), as well as Dr. Mark Ratcliffe, Dr. Errol Bush, Dr. John Lee, Dr. Carlos Corvera, Dr. Howard, and Paula Price, P.A. Dkt No. 42. Plaintiff asserted claims for negligence, medical malpractice, intentional infliction of emotional distress, *Bivens* claims, discrimination pursuant to the Unruh Civil Right Act, and violations of his First and Fifth Amendment rights. Dkt. No. 42. On March 19, 2014, this Court granted Defendant' Motion to Dismiss the FAC in its entirety, including

ADMINISTRATIVE MOTION AND [PROPOSED] ORDER TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 13-02421 VC                       1

1  dismissal of Deborah Freeman, with partial leave to amend. Dkt. No. 67.

2      4.    On April 8, 2014, Plaintiff filed a Second Amended Complaint ("SAC"), and, at the Court's request, a corrected SAC on June 18, 2014 to add missing pages. Dkt. No. 89. Deborah Freeman was not named as a party. Plaintiff again asserted his claims against the United States, Dr. Mark Ratcliffe, Dr. Errol Bush, Dr. John Lee, Dr. Benjamin Howard, Dr. Carlos Corvera, Paula Price, P.A., Physical Therapist Kelly and Head Nurse Olga. On June 26, 2014, Judge Chhabria granted Defendant's Motion to Dismiss Plaintiff's SAC. Dkt. No. 91. The Court dismissed with prejudice the negligence and malpractice claims against the individual defendants and the remainder of Freeman's claims against all defendants, except for the negligence and medical malpractice claims against the United States. *Id*. at 2:20-23. The Court stated that Plaintiff was not allowed to amend his complaint again. *Id*. at 1:19-22. On July 23, 2014, Defendant answered Plaintiff's corrected Second Amended Complaint. Dkt. No. 97.

    5.    On July 29, 2014, this Court stayed the above-captioned case pending appointment of counsel for Plaintiff. Dkt. No. 98. To date, no counsel has been appointed, and due to the passage of time, on October 6, 2014, this Court vacated the Case Management Schedule. Dkt. No. 103.

    6.    On or about August 27, 2014, Plaintiff filed *Freeman v. United States, et al*., Case No. 14-04493-KAW in California Superior Court, which was removed on October 8, 2014 by the United States. The complaint Plaintiff filed in California Superior Court, now removed to this Court, appears to be nearly identical to his corrected SAC in the above-captioned action. He has again filed suit against the United States, the San Francisco Veteran's Administration Medical Center, Dr. Mark Ratcliff, Dr. Errol Bush, Dr. John Lee, Dr. Carlos Corvera, Dr. Benjamin Howard, and Paula Price. Plaintiff again asserts claims for negligence, medical malpractice, violations of the First Amendment, violations of the Unruh Civil Rights Act, intentional infliction of emotional distress, Bivens claims, and claims for violations of his First and Fifth Amendment rights. Plaintiff acknowledged that "Defendants, except United States, have been dismissed with prejudice by the United States Federal Court." Plaintiff failed to note, however, that all of his claims, except negligence and medical malpractice against the United States remainder of his claims, were dismissed with prejudice.

1    7.    Because Plaintiff's allegations in *Freeman v. United States, et al.*, Case No. 14-04493-
2 KAW are similar and substantially related to his claims in the above-captioned action and are also
3 against the same parties, the Federal Defendant respectfully submits this Administrative Motion to
4 Consider Whether Cases Should be Related in accordance with Civil L.R. 3-12.

Dated: October 8, 2014                    Respectfully submitted,
                                          MELINDA HAAG
                                          United States Attorney


                                           */s/ Rebecca A. Falk*
                                          REBECCA A. FALK
                                          Assistant United States Attorney


## [~~PROPOSED~~] ORDER

This matter coming before the Court upon the Federal Defendant's Administrative Motion, the Court hereby [~~declines to relate~~] [relates] Cases Nos. 13-02421 VC and 14-04493-KAW. Case 14-04493-KAW shall be reassigned to Judge Chhabria.

**IT IS SO ORDERED.**

Dated: October 23, 2014

                                          THE HONORABLE VINCE CHHABRIA
                                          United States District Judge

ADMINISTRATIVE MOTION AND [PROPOSED] ORDER TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 13-02421 VC                    3